IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CARRIE BOWMAN,

    Plaintiff,

vs.                                Case No.     17-1086
                                                           JURY DEMANDED

MARTIN, INC.,
formerly known as MSCO, INC.,

    Defendant.

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION
AND VIOLATION OF CIVIL RIGHTS**

Carrie Bowman ("Bowman" or "Plaintiff") brings this action and files this Complaint for Employment Discrimination based upon age and for Violation of her Civil Rights against Martin, Inc. formerly known as MSCO, Inc. ("Defendant"), and in support would respectfully show unto the Court as follows:

**INTRODUCTORY STATEMENT**

1.    Carrie Bowman is over the age of forty and seeks redress for discrimination on account of her age suffered by her in violation of the Constitution and laws of the United States in her capacity as an employee with the Defendant. Specifically, Bowman alleges that she was unlawfully terminated from her employment with the Defendant under the pretext of a reduction of force; that she was replaced by a younger employee with less education, training and experience and that she was discharged under circumstances otherwise giving rise to an inference of age discrimination. Because of this discriminatory atmosphere, Bowman was treated unfairly on the job; and ultimately, discharged from her employment with the Defendant. Bowman seeks

injunctive relief requiring the Defendant to eliminate the discriminatory practices which exist and to require the Defendant to allow employment opportunities for those over the age of forty in an environment free of age based discrimination. Bowman further seeks compensatory and punitive damages for the reprehensible and unlawfully discriminatory treatment which she was subjected to as an employee with the Defendant.

## PARTIES

2. Plaintiff, Carrie Bowman, is a female citizen over the age of forty of the United States and at all times material hereto has been a resident of Madison County, Tennessee.

3. Defendant, Martin, Inc. formerly known as MSCO, Inc., is a corporation doing business in the State of Tennessee, with its principal place of business located at 148 N. Conalco, Jackson, Madison County, Tennessee. Registered agent for service of process, Donald Gordon Ruggles, 120 Johnson St., Jackson, Tennessee.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 3231, in that this action arises under the Constitutional Law of the United States; pursuant to § 1331, 28 U.S.C. § 1343(a)(4), Title II and Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§2000(e) *et. seq.;* and the Civil Rights Act of 1866, 42 U.S.C.A. §§1981**;** and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq.*

5. Venue is proper within this judicial district pursuant to 28 U.S.C. §1391(c), and the Defendant is subject to the personal jurisdiction of this Court.

6. The Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Notice of Suit Rights on February 3, 2017, which was received by Plaintiff on February 8, 2017. A copy of the Plaintiff's Notice of Suit Rights is attached hereto as Exhibit "A". This action is timely filed.

**FACTUAL ALLEGATIONS**

7. Plaintiff was employed by Defendant, Martin, Inc. formerly known as MSCO, Inc. as a project manager. Plaintiff is a 49 year old, Caucasian female whose date of birth is October 29, 1967.

8. At all times, Plaintiff performed all duties assigned to her in a professionally competent manner, faithfully followed all reasonable instructions given to her by her supervisors, and abided by all the rules and regulations of Defendant.

9. Plaintiff was employed as a project manager and worked as an assistant to Dale Rushing. Plaintiff had the most seniority of the project managers.

10. In September 2014, the Defendant hired Christine Chumlee, a young lady, early to mid-20's. Plaintiff was instructed by her supervisor, Dale Rushing, to "train" the newest employee.

11. Plaintiff spent the next several weeks "training" Ms. Chumlee and having Ms. Chumlee work beside her as she (Plaintiff) performed her job duties.

12. The first of October 2014, Plaintiff was told by her supervisor that there was a lack of work and that the company was going to "take a different route" and that the employer was reducing its employment force. Plaintiff was told that she was being laid off due to the lack of work/reduction in force.

13. Plaintiff was led to believe that she was not the only employee being laid off due to the company reduction in force.

14. Plaintiff was laid off by Defendant on October 5, 2014 for lack of work/reduction in force.

15. Sometime following her layoff, Plaintiff learned that she was the only employee Defendant laid off pursuant to this reduction in force.

16. Sometime after being laid off, Plaintiff learned that Christine Chumlee was given Plaintiff's previous job and job duties.

17. At the time of her termination, Plaintiff was 46 years of age.

18. In all respects, Plaintiff performed her job in a satisfactory and exemplary manner. Plaintiff was terminated based upon her age at the time of the layoff.

19. At all times material hereto, Plaintiff was capable of functioning at a high capacity and there exists no legitimate nondiscriminatory reason why she was laid off/terminated as a project manager. Plaintiffs' age was the motivating factor in Defendant's decision to terminate her employment.

20. The stated reasons for Plaintiff's termination were illusory and pretextual and in violation of the ADEA.

21. As a result of Defendants illegal and intentional actions, Plaintiff has suffered loss of income, humiliation, emotional distress, and loss of job-related benefits.

22. The Plaintiff charges, avers and brings the following cause of action against the Defendant:

   a. The ADEA for violating Plaintiff's Civil Rights by subjecting Plaintiff to disparate treatment, on account of her age, being an age over forty (40) by terminating Plaintiff's employment based on her age, replacing her with younger, less qualified employees and that her termination was for pre-textual reasons.

## DAMAGES

23. Plaintiff seeks injunctive relief to put an end to the unlawful employment practices undertaken by the Defendant and equitable relief to include front pay. Additionally, Plaintiff seeks compensatory damages including lost wages, lost earning capacity, emotional distress, pain and suffering, humiliation and embarrassment. She seeks punitive damages in a sufficient amount to

punish and prevent the intentional and reprehensible discriminatory employment practices undertaken with reckless disregard to Plaintiff's federally protected civil rights.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and to accord her the following relief:

A. Back pay and prejudgment and post-judgment interest and all the fringe benefits to which she is entitled;

B. Front pay and benefits to the extent reinstatement is not feasible;

C. Compensatory damages for her non-economic injuries in an amount authorized by Title VII;

D. Punitive damages to punish and deter Defendant from future acts of employment discrimination;

E. Liquidated damages in an amount equal to twice Plaintiff's back pay losses as authorized by the ADEA;

F. An award of reasonable attorney fees and costs to compensate Plaintiff for having to prosecute this action against Defendant; and

G. All other and further legal equitable relief which she may show herself entitled to under the circumstances.

Plaintiff demands trial by jury.

Respectfully submitted,

**HEATON AND MOORE, P.C.**

By:   /s/ William C. Sessions
William C. Sessions, III (#15017)
Attorney for Plaintiff
44 North Second Street, Suite 1200
Memphis, Tennessee  38103-0534
Ph.: (901) 526-5975 Ext. 563
Fax: (901) 527-3633
File No: WS-49757