# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| CARRIE BOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     1:17-cv-01086-STA-egb |
| | ) |
| | ) |
| MARTIN, INC. | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION TO CHANGE VENUE

Plaintiff Carrie Bowman filed this case against her former employer Martin, Inc., for allegedly terminating her employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. (ECF No. 1.) Defendant Martin has filed a motion to transfer the case to the United States District Court for the Northern District of Alabama pursuant to a purported contractual mandatory forum-selection clause and 28 U.S.C. § 1404.[1] (ECF No. 11.) Plaintiff has filed a response to the motion (ECF No. 18), and Defendant has filed a reply to the response.[2] (ECF No. 23.) For the reasons set forth below, Defendant's motion is **GRANTED**.

Defendant is incorporated in the state of Alabama and headquartered in Florence, Alabama, which is located in Lauderdale County, Alabama.[3] Defendant provides custom

---

[1] A forum-selection clause is enforced through a change of venue motion pursuant to 28 U.S.C. § 1404(a). *See Milan Express Co. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 2016 WL 407317 at *2 (W.D. Tenn. Feb. 2, 2016), *appeal dismissed*, 672 F. App'x 553 (6th Cir. 2016).

[2] The Court granted Defendant's unopposed motion to file a reply on June 21, 2017. (ECF No. 22.)

[3] The facts are stated for the purpose of deciding this motion only.

tailored solutions for maintenance, repair, and operation supplies to industry and construction markets across the United States. (Richey Decl. ¶ 3, ECF 11-1.) Townsend Door & Hardware ("Townsend"), a division of Defendant Martin, is based in Jackson, Tennessee, and provides doors, frames, and hardware solutions. (*Id.* at ¶ 4.) Florence, Alabama, is approximately a two-hour drive from Jackson, Tennessee. (*Id.* at ¶ 9.)

Plaintiff worked for Townsend from October 1, 2004, until October 3, 2014. (Bowman Decl. ¶ 2, ECF No. 18-1; Richey Decl. ¶ 6, ECF 11-1.) Plaintiff was told that she was being laid off due to a reduction in force and was given a Separation Notice and Separation Agreement to review and sign. She was told that, if she signed the Separation Agreement, Defendant would pay her an additional two weeks salary. (Bowman Decl. ¶ 8, ECF No. 18-1.) Plaintiff executed the Separation Agreement on October 4, 2014. (Richey Decl. ¶ 10, ECF 11-1.)

The Separation Agreement is a five-page document written in standard twelve-point font. (Richey Decl. Ex. 1.) It provided Plaintiff up to twenty-one days to consider its terms, as well as seven days after execution for revocation, and advised Plaintiff to consult with an attorney. (*Id.*)

The Separation Agreement contained a forum-selection clause that stated in pertinent part:

> You agree that the exclusive venue and jurisdiction for any disputes regarding the interpretation or the enforcement of this Separation Agreement is the state or federal courts sitting in Lauderdale County, Alabama.

(*Id.* at ¶ 20.) The forum-selection clause was set apart from other contract provisions. (*Id.*) If any provisions are declared unenforceable the "remainder of the Separation Agreement will remain in force and effect." (*Id.* at ¶ 17.) The Separation Agreement also provided that Plaintiff waived any claims arising out of her employment, including claims brought under the ADEA. (*Id.* at ¶ 7.)

Defendant's personnel files and payroll records, including Plaintiff's file and records, are located in Florence, Alabama. Defendant's employees who are responsible for oversight of human resources, safety, payroll, and accounting are located in Florence, Alabama. Plaintiff frequently interacted with Defendant's employees located in Florence, Alabama. Defendant's owners and directors reside in Lauderdale County, Alabama. (Richey Decl. ¶ 5.)

Defendant contends that the filing of a lawsuit in this Court violates the terms of the mandatory forum-selection clause in Plaintiff's Separation Agreement. According to Defendant, the District Court in the Northern District of Alabama has jurisdiction over Plaintiff's claims, and this action must be transferred to that Court. In response, Plaintiff argues that Defendant's motion should be denied because (1) the age-discrimination waiver provision in the Separation Agreement is invalid and (2) it would be prejudicial to Plaintiff if the matter is transferred to Alabama because various witnesses are located in Jackson, Tennessee. Plaintiff's arguments are not persuasive.

The United States Supreme Court addressed forum-selection clauses in *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013):

> In the typical case not involving a forum-selection clause, a district court considering a [28 U.S.C.] § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations. Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of parties and witnesses...and otherwise promote the interest of justice. The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum. The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, **a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.**

*Id.* at 581 (internal citations and quotations omitted) (emphasis added). Thus, when the agreement contains a valid forum-selection clause, the usual analysis under 28 U.S.C. § 1404(a)[4] is changed. *Id.* First, "the plaintiff's choice of forum merits no weight" because the forum-selection clause represents plaintiff's preemptive exercise of "venue privilege." *Id.* at 581-82. Instead, the burden shifts to the plaintiff to show why the court should not transfer the case to the agreed upon forum. *Id.* at 582. Second, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* at 582. When parties agree to a forum-selection clause, they waive the right to challenge the forum as inconvenient for themselves or their witnesses. *Id.* The enforcement of such clauses, which were "bargained for by the parties, protects their legitimate expectations and further vital interests of the justice system." *Id.* at 581.

Plaintiff first argues that the Separation Agreement's age discrimination waiver provision is not valid because (1) she was not provided information about other employees considered for the reduction in force as required under Section (f)(1)(H) of the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626 and (2) the waiver was confusing and difficult to understand.

As an initial matter, the Court notes that a challenge to a forum-selection clause must be made to the clause itself. *See Preferred Capital, Inc. v. Associates in Urology*, 453 F.3d 718, 722 (6th Cir. 2006) (pointing out that the party opposing the forum-selection clause failed to offer any evidence showing that it did not knowingly and willingly consent to the inclusion of that particular clause in the agreement). In *Associates in Urology*, the Court of Appeals held that

---

[4] Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

4

"unless there is a showing that the alleged fraud or misrepresentation induced the party opposing a forum-selection clause to agree to inclusion of that clause in a contract, a general claim of fraud or misrepresentation as to the entire contract does not affect the validity of the forum-selection clause." *Id.* at 722 (quoting *Moses v. Bus. Card Express*, 929 F.2d 1131 (6th Cir. 1991)). Plaintiff has made no such showing in this case.

Plaintiff's objections to the age discrimination waiver provision itself are also without merit. Although the OWBPA includes disclosure requirements, the requirements apply only to "group or class" layoffs, 29 U.S.C. § 626(f)(1)(H), when benefits are offered to "two or more employees." 29 C.F.R. § 1625.22(f)(1)(iii)(B). Here, Plaintiff was the only employee who was laid off. Because two or more employees were not offered benefits, Plaintiff was not entitled to information about other employees considered for the reduction in force.

Additionally, the waiver was not confusing and difficult to understand. The Separation Agreement provided that Plaintiff waived any claims she might have under the ADEA, including the OWBPA, and she acknowledged that she voluntarily and knowingly agreed to do so in consideration for two weeks extra pay. The forum-selection clause was unambiguous and was set off from other contractual provisions. Plaintiff was advised to consult with counsel, and she was provided twenty-one days to consider the Agreement and seven days to revoke the Agreement after execution. Plaintiff cannot complain now that she did not understand the terms of the Agreement.

Next, Plaintiff argues that a trial in Alabama would be inconvenient for certain witnesses living in Tennessee. As noted above, the Supreme Court has held that challenges to a forum-selection clause based on the inconvenience of the witnesses are waived.

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their

5

witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.

*Atlantic Marine*, 134 S. Ct. at 582. However, even under pre-*Atlantic Marine* law, Plaintiff would not prevail because she has not identified any witnesses who would not be able to attend a trial in Alabama nor has she described what their anticipated testimony would be. *See Esperson v. Trugreen L.P.*, 2010 WL 4362794 at *8 (W.D. Tenn. Oct. 5, 2010) (pre-*Atlantic Marine*) (finding that a party who fails to identify witnesses and what their testimony would be cannot establish that a particular forum is inconvenient) (citation omitted)). Furthermore, Plaintiff has not shown that these witnesses will not attend or will be inconvenienced if the case were transferred. *See National City Bank v. Breeden*, 2009 WL 3514587 at *1 (W.D. Ky. Oct. 27, 2009) (pre-*Atlantic Marine*) ("A generalization that important witnesses are located in North Carolina is insufficient to meet the requirement of a substantial showing that transfer is warranted.").

Plaintiff has not carried her burden to show that exceptional circumstances render the forum-selection clause unenforceable. The parties are required to litigate this matter in the Northern District of Alabama, as agreed under the forum-selection clause. Accordingly, the motion to change venue is **GRANTED**. The Clerk of the Court is **DIRECTED** to transfer this case to the United States District Court for the Northern District of Alabama, Northwestern Division, pursuant to 28 U.S.C. § 1404.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 30, 2017.